THATCHER *et al.* v. THE UNION SCALE COMPANY.

**Sale : CONDITION : RESALE WITHOUT NOTICE : SUBSEQUENT MORTGAGE.**
A lessee of coal land purchased scales for weighing coal, and
charged them to the lessors, against their account for royalty, as
agreed in the lease. The scales were purchased upon an order
which provided that the vendor should not relinquish title until
they were fully paid for, but the lessors had no actual or construc-
tive notice of such condition. *Held* that the charging of the
scales to the lessors by the lessee, under the agreement between
them, was a sale of the scales to the lessors, and that they took
them free from any lien which the vendor of the scales might
have had as against the lessee, and free, also, from a mortgage for
the purchase money subsequently made to the vendor by an
assignee of the lessee; and that it made no difference on which
side the balance of the account stood as between the lessors and
the lessee.

*Appeal from Wayne District Court.*—HON.
R. C. HENRY, Judge.

FILED, MARCH 9, 1888.

ACTION in chancery, to enjoin the sale of a railroad
scale upon a chattel mortgage to defendant. After a
trial on the merits, a decree was rendered granting the
relief prayed for by plaintiffs. Defendant appeals.

*E. S. Wishard*, for appellant.

*W. H. Tedford*, for appellees.

BECK, J.—I. The undisputed facts of the case are
these: The plaintiffs, on February 28, 1885, leased to
T. A. Hill certain lands, and the right to mine coal
thereon. The lease, among other conditions, provides
that the lessee "shall advance the money needed to put
in scales, * * * and to recover the same by
withholding one-third of the gross royalty accruing
until the debt is discharged." March 5, 1885, Hill pur-
chased of defendant the scales in controversy, upon an
order in which he stipulates that defendant shall not

relinquish its title to the scales until they are fully paid for. On the twenty-first day of the same month, the scale having been put in, Hill charged it to plaintiffs. On the sixth of October, 1885, a corporation, to whom Hill had transferred his interest in the lease and the mining property, executed to defendant a chattel mortgage upon the scales to secure the payment of the purchase money. ' This chattel mortgage defendant is seeking to foreclose by sale of the property. It is not shown that plaintiffs had notice of the conditions of the contract under which the scales were purchased by Hill, and it is not claimed that defendant sold the scales upon plaintiffs' credit. Plaintiffs are now in possession of the property leased and the scales. Plaintiffs testify that they did not know that the scales had not been paid for until after the mortgage had been executed. Hill, and one of the officers of the corporation succeeding to his rights, testify to the contrary. Plaintiffs claim that Hill or the corporation, or both, are owing them for the royalty on coal, provided for in the lease, which Hill and an officer of the corporation deny.

II. Counsel on both sides of the case discuss the question whether the scale became and is a part of the realty. We need not consider this question, for the reason that we think the case may be determined upon other grounds.

III. It is plain to our minds that, upon the undisputed facts of the case, plaintiffs acquired the title to the scale before the mortgage was executed. Hill, in his lease, undertakes to put it in and to receive pay for it by deducting the cost from the royalty to be paid by him. He did put in the scale and charge it to plaintiffs. This operated as a sale of the property. It does not change the result if it be conceded that plaintiffs owed Hill or the corporation. The ' charge to plaintiffs shows that Hill, after putting in the scale, looked to plaintiffs for pay under the conditions of the lease. He relied upon plaintiffs for payment after having put in the scale. The transaction was in fact and in law a sale and delivery of the property to plaintiffs. Defendant had no

lien thereon which would bind the plaintiffs. The agreement of Hill that defendant should retain the title was not known to plaintiffs, and was not binding upon them, and created no lien on the property or claim against them. Plaintiffs' ownership of the scale began when it was charged to them. The chattel mortgage was executed several months afterwards, and of course cannot defeat their right of property before acquired.

IV.   Nor does the fact, if it be a fact as claimed by Hill and the corporation, that plaintiffs are indebted to them on account of the transaction connected with the coal mine, defeat his title to the property. His subsequent or prior indebtedness would not affect the sale and delivery of the scale by him as shown by the transactions we have recited.

Upon these considerations we reach the satisfactory conclusion that plaintiffs' claim and title to the scales are superior to defendant's mortgage. The decree of the district court must be

AFFIRMED.